IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| DIANNA GEORGE | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 10-2165 |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Dianna George ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 13) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 17). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her application for SSI on February 15, 2007 and for DIB on May 15, 2007 alleging disability since November 7, 2006 due to blood clot in right leg, swelling in both legs, back and joint pain and removal of a tumor. R. at 11, 103-04, 110-16, 128. Her

claims were denied initially and on reconsideration.  R. at 57-60, 61-64, 65, 68-70, 72-74.  On June 9, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified.  R. at 23-52.  In a decision dated September 3, 2009, the ALJ denied Plaintiff's request for benefits.  R. at 8-21.  The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review.  R. at 1-5.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, 416.920.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments diabetes (diet controlled), hypertension, mild cervical spondylosis, gastroesophageal reflux disease, morbid obesity and depression.  At step three, the ALJ found that as of her alleged onset date, her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that since her alleged onset date and given her Residual Functional Capacity ("RFC") Plaintiff was not capable of performing her past relevant work.  At step five, the ALJ concluded Claimant was capable of performing jobs that existed in significant numbers in the national economy.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.

42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred (1) by failing to properly consider her obesity; and (2) in his RFC assessment.

### A. Obesity

Plaintiff argues that despite finding Plaintiff's obesity as a severe impairment at step two of the sequential evaluation, the ALJ failed to consider it at any other step of the process. While Plaintiff goes on to recite almost four pages of caselaw which stand for the proposition that obesity must be considered at those remaining steps, nowhere does she attempt to satisfy her burden of demonstrating how her obesity affects her ability to affect work-related activity. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). In any event, there is no dispute as to the

3

law and the Court finds the ALJ did not err in his consideration.

As mentioned above, the ALJ found that Plaintiff's obesity constituted a severe impairment at step two of the sequential evaluation but did not find that her impairments met or equaled the Listings of Impairments. Plaintiff does not dispute these findings specifically and the Court does not find any error. In assessing Plaintiff's RFC, the ALJ factored in Claimant's obesity in determining she could not perform her past relevant work at step four of the sequential evaluation. He found that Claimant maintained the capacity to perform a full range of sedentary work with no climbing of stairs, ladders, scaffolds or ropes; no crouching or crawling; occasional stooping or kneeling; no walking more than ¼ mile at a time; elevating the legs for ½ hour daily to the waist level during the workday; and frequent handling/fingering with the right dominant hand. R. at 17. Clearly, the ALJ accounted for Claimant's obesity as well as her other impairments in formulating this RFC. Claimant does not argue any specific further limitation due to her obesity, nor does she direct the Court's attention to any medical evidence in the record which would support any such restriction. In fact, the ALJ noted that her activities of daily living clearly suggested the ability to carry out work related activity at the sedentary level. R. at 19, *see, e.g.* R. at 38-40. In addition, as the Commissioner points out, the ALJ set forth a *more* restrictive RFC than DDS physicians, Drs. Oyewo and Dr. Render—who both specifically noted Plaintiff's obesity in their assessments. R. at 17-18, 242, 312-13. In sum, the Court finds that the ALJ did not err in evaluating Claimant's obesity and Claimant has not met her burden in demonstrating that her obesity results in more restrictive limitations than those found by the ALJ.

B.     RFC Assessment

Plaintiff next argues that the ALJ erred in his RFC assessment because he failed to perform a "function by function" assessment of Plaintiff's ability to perform the exertional and non-exertional requirements of work and failed to set forth a narrative discussion explaining how the evidence supported his RFC findings.  Specifically, Plaintiff argues that the ALJ did not discuss Plaintiff's abilities to sit, stand, walk, lift or perform any exertional requirement of work.  Interestingly, Plaintiff seemingly faults the ALJ for rejecting the opinions of the state agency physicians who found Plaintiff was capable of performing work at the light and medium levels and giving Plaintiff the benefit of the doubt in finding she was capable of only sedentary work.  R. at 17-18 (finding the assessments to be an "overestimation" of claimant's functional abilities).  Sedentary work is defined in 20 C.F.R. § 404.1567(a) as lifting no more than 10 pounds at a time and occasionally carrying articles such as docket files, etc. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is necessary in carrying out job duties, and jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. The same section provides that sedentary has the same meaning as in the *Dictionary of Occupational Titles* (DOT) published by the Department of Labor. The *Dictionary of Occupational Titles* provides that:

> Sedentary work implies a capacity to sit for at least 6 hours in an 8-hour day and to lift up to 10 pounds maximum. The ability to walk and stand up to approximately one-third of the work day (2-3 hours per day per 8-hour day) is also implied in sedentary work.

See *Van Huss v. Heckler,* 572 F.Supp. 160 (W.D.Va.1983).

5

Plaintiff does not cite to a single piece of evidence in the record which would support more restrictive findings than that found by the ALJ.  In addition to finding Plaintiff capable of a full range of sedentary work, as mentioned above, the ALJ included additional restrictions of no climbing of stairs, ladders, scaffolds or ropes; no crouching or crawling; occasional stooping or kneeling; no walking more than ¼ mile at a time; elevating the legs for ½ hour daily to the waist level during the workday; and frequent handling/fingering with the right dominant hand.  He also limited Plaintiff to the performance of only two and three step instruction jobs because of her mental impairment.  R. at 17.  Despite Plaintiff's assertion to the contrary, the ALJ provided a thorough narrative discussion of the medical evidence to support these restrictions.  He noted that no credible treating or consultative physician has opined that Claimant was disabled because of any physical or mental condition or from any resulting symptoms. R. at 19.  Plaintiff does not dispute this evidence but rather seems to argue that because of this, the ALJ's opinion lacks a medical basis.  This is counterintuitive.  If the medical evidence in the record does not support a finding of disability, the ALJ is not required to search out evidence that does.  In addition, the ALJ's RFC is based on his consideration of Claimant's activities of daily living, that clinical examination findings were often normal or minimally abnormal, that she has no side effects from her medication, there are no inpatient hospitalizations for either physical or mental impairments, and the "paucity of medical evidence . . . surrounding her alleged impairments . . .".  R. at 19.  Again, Plaintiff does not dispute these findings.

    Finally, the Court finds that the RFC which restricts Claimant to the performance of only two and three step instruction jobs adequately reflects the ALJ's findings regarding her

mental impairment.  The ALJ found Claimant to have only moderate restriction and/or difficulty in the areas of activities of daily living, social functioning, and concentration, persistence or pace. R. at 16,  There is nothing in the record to suggest that Plaintiff's mental condition results in further work restrictions. As the ALJ noted, two 2007 psychiatric review technique forms noted Claimant to have only *mild* restriction of activities of daily living, social functioning and maintaining concentration, persistence or pace and no episodes of decompensation. R. at 14, 249-62, 319-32.  In addition, treatment notes from the Alliance Outpatient Center indicated that although she evidenced a depressed mood, Claimant's attention and concentration were within normal limits, that she was going to wage connection school which was reported as "going OK" and that she was getting her GED. R. at 14-15, 340.  The record indicates that the ALJ incorporated any functional limitations from Claimant's mental impairment into the RFC based upon the his evaluation of the evidence in this case. *See Bordelon v. Astrue,* 281 F. App'x 418, 423 (5th Cir.2008) (holding that an ALJ's "restrictions to rare public interaction, low stress, and simple, one- to two-step instructions reflect that the ALJ reasonably incorporated [the plaintiff's] moderate concentration, persistence, and pace limitations such that the hypothetical was proper."); *Hodgson v. Astrue,* No. 4:07–CV–529–Y, 2008 WL 4277168, at *8 (N.D.Tex. Sept.16, 2008) ("[The claimant] has not demonstrated that a restriction [in the RFC determination] to simple one- and two-step tasks did not adequately accommodate her moderate difficulty maintaining concentration, persistence or pace."); *Chadwell v. Astrue,* No. 4:08–CV–736–Y, 2010 WL 3659050, at *11 (N.D.Tex. May 25, 2010) ("[T]he ALJ's finding that [the claimant] was moderately limited in her ability to maintain concentration, persistence, or pace is

not inherently contradictory with an RFC assessment that [the claimant] could not perform work that involves complex instructions."); *see also Patterson v. Astrue,* No. 1:08–CV–109–C, 2009 WL 3110205, at *5 (N.D.Tex. Sept.29, 2009) (holding, in essence, that the ALJ's finding that the claimant had a moderate limitation in concentration, persistence, and pace was not inconsistent with his RFC determination that claimant could understand, remember, and carry out more than simple instructions.

V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.


Date: March 7, 2013                              _____/s/_____
                                                 THOMAS M. DIGIROLAMO
                                                 United States Magistrate Judge


Copies to:
Stephen F. Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692